UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HORIZON AIR INDUSTRIES, INC.,

    Plaintiff,

v.

ROY S. CHAPMAN,

    Defendant.

CASE NO. C04-817JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiff's Motion for Summary Judgment (Dkt. # 16). Having read the papers filed in connection with this motion, the court GRANTS Plaintiff's motion and enters judgment in Plaintiff's favor for the unpaid principal amount, together with pre- and post-judgment interest.

## II. BACKGROUND

Plaintiff Horizon Air Industries, Inc. ("Horizon") filed suit against Defendant Roy S. Chapman when he and the company he works for, Flight Lease International, Ltd. ("FLI"), defaulted on their obligation to pay Horizon for the purchase of a Fokker F28-4000 aircraft and two Rolls Royce engines (collectively the "aircraft"). Horizon and FLI entered into a purchase agreement for the aircraft obligating FLI to make an initial

ORDER – 1

payment of $500,000 and 12 monthly payments of $41,667.[1] Chapman executed the purchase agreement on FLI's behalf, serving as both an officer and agent of the company. When FLI failed to provide Horizon with an irrevocable assignment of funds as required by the purchase agreement, Chapman executed a personal guaranty in favor of Horizon stating that he "irrevocably and unconditionally personally guarantees as primary obligor . . . the payment of all sums due or payable." Gundlach Decl., Exh. D at 29.

Although FLI paid Horizon the initial $500,000 down payment and the first $41,667 monthly payment owed under the purchasing agreement, it failed to pay the remaining 11 monthly payments, amounting to $458,337 in unpaid principal.[2] Horizon filed suit against Chapman when informal efforts to collect the unpaid amount proved unsuccessful. Horizon seeks summary judgment in its favor, contending that Chapman is liable for the unpaid principal amount, pre- and post-judgment interest on it, attorneys' fees and costs under the purchasing agreement and his personal guaranty. No longer represented by counsel, Chapman has not filed an opposition to this motion.[3]

---

[1] FLI allegedly intended to lease the aircraft to Air Burkina, an airline operated by the West African country of Burkina Faso.

[2] The monthly payments became due when Horizon delivered the aircraft and FLI executed the technical acceptance certificate (signaling satisfactory inspection of the plane) and its aircraft delivery receipt (acknowledging the aircraft's receipt and acceptance), in accordance with the terms of the purchasing agreement.

[3] Previously, the court granted defense counsel's motion to withdraw as counsel for Chapman based on his alleged failure to pay legal fees and communicate with his counsel in an appropriate manner. Order, Dkt. # 15 (Apr. 11, 2005).

ORDER – 2

### III.   DISCUSSION

**A.   Legal Standard**

Summary judgment is appropriate when the moving party demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial responsibility, the burden shifts to the non-moving party to establish that a genuine issue as to any material fact exists. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Evidence submitted by a party opposing summary judgment is presumed valid, and all reasonable inferences that may be drawn from that evidence must be drawn in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The non-moving party cannot simply rest on its allegation without any significant probative evidence tending to support the complaint. See U.A. Local 343 v. Nor-Cal Plumbing, Inc., 48 F.3d 1465, 1471 (9th Cir. 1995). "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23.

**B.   FLI and Chapman's Default on the Purchasing Agreement**

Having reviewed all of the evidence submitted by Horizon and lacking any evidence to the contrary from Chapman, the court finds that FLI failed to perform its duties under the purchasing agreement by defaulting on the remaining 11 monthly

ORDER – 3

payments, totaling $458, 337 in unpaid principal. As the "primary obligor," Chapman is liable for FLI's default under the terms of the personal guaranty obligating him "irrevocably and unconditionally" to pay all sums due. Gundlach Decl., Exh. D at 29. Without any genuine issues of material fact remaining, the court finds that Horizon is entitled to judgment as a matter of law.

Given that Horizon's damages claim for the unpaid principal amount is "liquidated," the court orders Chapman to pay pre-judgment interest accruing at the rate of 12% per annum from the date of the first missed payment, October 28, 2003, through the date of judgment. See Prier v. Refrigeration Eng'g Co., 442 P.2d 621, 626 (Wash. 1968) (defining a "liquidated" claim as one "where the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion."); RCW § 19.52.020(1) (providing for 12% interest rate). Further, Horizon is entitled to post-judgment interest at the rate of 12% per annum. RCW § 4.56.110(4).

## IV. CONCLUSION

For the reasons stated above, the court GRANTS Plaintiff's motion for summary judgment (Dkt. # 16) and directs the clerk to enter judgment for the unpaid principal amount of $458,337, with pre-judgment interest accruing at the rate of 12% per annum from the date of the first missed payment, October 28, 2003, through the date of judgment, and post-judgment interest accruing at the rate of 12% per annum from the date of judgment until satisfied.

Dated this 30th day of July, 2005.

JAMES L. ROBART
United States District Judge

ORDER – 4